

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

> Opinion No. 0-1700
> Re: Whether or not the meeting described
> in your letter to this department
> under date of September 6, 1939, was
> a "convention".

We have carefully considered your letter of November 15, 1939, which reads as follows:

> "Reference is made to your Opinion No. X-148, dated September 7, 1939, Re: Out of State Travel, in connection with our letter of September 6, 1939, which set out the nature and purpose of the trip which was to be made.
>
> "Please furnish this office with your opinion as to whether the meeting described in our letter of September 6, 1939, is a 'convention'."

Our opinion No. X-148, dated September 7, 1939, referred to in your communication, above quoted, merely held, (in response to your letter of September 6, 1939, that the purposes described therein, pertaining to the proposed trip of Alton Swain, were State business purposes, and was written in accordance with the provision of Senate Bill No. 135, Regular Session, 45th Legislature. The question of whether or not the meeting to be attended by such employee would be a "convention" was not submitted by you at that time, hence your inquiry of November 15, 1939, quoted above.

Presumably, your request is prompted by the provisions of the rider to the departmental appropriation bill, of the 46th Legislature, which reads:

> "No monies herein appropriated shall ever

Hon. Joe Kunschik, Commissioner, Page 2

> be spent to pay the traveling expense of any
> State employee to any type of convention with-
> in the State or without the State."

Accordingly, our answer to the question propounded by you is in the light of such enactment.

The meeting attended by Mr. Swain, the subject matter of your inquiry, had the following characteristics:

(1) It was the annual meeting of the National Boxing Association and the National Wrestling Association, and convened in Washington, D. C., September 11, 12 and 13, 1939; (2) it was attended by the members and representatives of these associations; (3) the associations were existing organizations prior to the meeting; (4) such a meeting was annually held by the association; (5) the purposes of the meeting were common to the members of the associations; (6) sessions and seminars were held, at which matters common to the associations and to the members thereof, were discussed; (7) proposals brought before the meeting were subject to being voted upon by the representatives in attendance.

The popular meaning of the word "convention" is that, generally, of a meeting of members or representatives or delegates of private organizations, parties, clubs, societies, associations, and the like, for the accomplishment of objectives common to all. Indeed, Webster's New International Dictionary defines a "convention" to be:

> "A body or assembly of persons meeting
> for some common purpose."

Likewise, "a 'convention' is an organized body of delegates or representatives assembled for some specified purpose.... The word 'convention' as employed in this country in common usage in statutes, political history, and civil government, means and implies a representative gathering or assemblage...." State vs. Gifford, 126 Pac. 1060, 1064.

Hon. Joe Kunschik, Commissioner, Page 3

Without doubt, in our opinion, the annual meeting of the National Boxing Association and the National Wrestling Association, which convened in Washington, D. C., September 11, 12 and 13, 1939 was a "convention", within the purview of the legislative enactment set out above. It matters not if such annual gathering was called a meeting, or a conference, or an assembly, or words of like usage, the distinguishing characteristics of a "convention" were present and conclusively resolve the question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Zollie C. Steakley_
Zollie C. Steakley

ZCS:AW    APPROVEDDEC 13, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY